Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000398
16-AUG-2012
09:06 AM

CAAP-11-0000398

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SC, Plaintiff-Appellee,
v.
IC, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 10-1-6354)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Leonard, JJ.)

This appeal concerns a proceeding for divorce between Defendant-Appellant IC (Wife) and Plaintiff-Appellee SC (Husband) that involved issues of custody over the parties' child (Child).[1]  Wife appeals from the "Divorce Decree" entered on April 11, 2011, in the Family Court of the First Circuit (Family Court).  The Divorce Decree was based on the "Findings of Fact, Conclusions of Law, Decision and Order" (Decision and Order) filed by the Family Court on March 3, 2011, after the conclusion of the parties' divorce trial.

On appeal, Wife contends that the Family Court abused its discretion in: (1) awarding Husband sole physical and legal custody over Child; (2) imposing conditions on Wife's visitation rights; (3) sanctioning Wife by precluding her from submitting

_____

[1] The Family Court ordered that the divorce proceedings be designated and treated as confidential.

exhibits or calling witnesses other than herself at trial; (4) admitting certain of Husband's exhibits at trial; (5) awarding Husband $57,333.33 in attorney's fees and costs; and (6) failing to award spousal support to Wife.[2] We vacate the Family Court's award of attorney's fees and costs to Husband, and we remand the case for redetermination and clarification of the Family Court's ruling on attorney's fees and costs. In all other respects, we affirm the decisions of the Family Court that Wife challenges on appeal.

I.

A.

Husband and Wife were married in September 2009. Child was born in 2010. The parties have lived separately since February 2010, and their marriage lasted only six months before they separated.

In April 2010, while Husband was on the mainland for military training, Wife filed a "Petition for an Order for Protection" (Wife's Petition) and obtained a Temporary Restraining Order (TRO) against Husband on behalf of herself and Child in FC-DA 10-1-0716. In Wife's Petition, Wife alleged that Husband had made threats and committed acts of violence against her.

On May 13, 2010, Wife was involuntarily committed at Kāhi Mōhala after the staff at Tripler Army Medical Center (Tripler), where she had taken Child for treatment, observed signs that Wife may be suffering from a psychological condition or disorder. Because of Wife's TRO against Husband in FC-DA 10-1-0716, he could not take custody of Child, and Child was placed in the temporary foster custody of the Department of Human Services (DHS). In light of Wife's mental health issues and the claims she had made against Husband in Wife's Petition, the DHS initiated an FC-S case, FC-S 10-00070, to investigate Child's

_____

[2] The Honorable Paul T. Murakami imposed the sanction challenged by Wife in her point of error (3). The Honorable Frances Q.F. Wong issued the other rulings challenged by Wife on appeal.

safety, and the Family Court appointed a guardian ad litem (GAL) for Child.

Husband denied the allegations in Wife's Petition and filed a motion to modify the TRO so that it would not include Child. At a May 25, 2010, hearing on Wife's Petition, the parties agreed to the entry of a fifty-year Order for Protection in favor of Wife (Wife's Order for Protection), with no findings of abuse. Wife's Order for Protection prohibited Husband from contacting or coming within 100 feet of Wife, and it also prohibited Wife from "soliciting or aiding" Husband in violating the protection order. Wife's Order for Protection did not include Child as a covered person.

Shortly after the issuance of Wife's Order for Protection, Wife allegedly began contacting Husband in violation of Wife's Order for Protection and allegedly harassed Husband's friends, family, and co-workers. Husband filed his own Petition for an Order for Protection (Husband's Petition) against Wife in FC-DA 10-1-6378. After a June 29, 2010, hearing, the Family Court granted Husband's Petition and issued a three-year Order for Protection (Husband's Order for Protection), with a finding of abuse by Wife. Wife was subsequently arrested for Order-for-Protection violations, and the State of Hawai'i initiated criminal proceedings against her in FC-CR 10-1-1666 and FC-CR 10-1-001930.

In the meantime, the DHS, after conducting an investigation into Husband's and Wife's ability to care for Child, issued a "Safe Family Home Report" in FC-S 10-00070. The DHS determined that Wife's allegations against Husband were either unfounded or distortions of events, found no safety concerns related to Husband, and recommended Child's reunification with Husband pursuant to continued family supervision. The DHS had continued concerns regarding Wife's mental health and found that reunification with Wife would present a threat of neglect to Child. The Family Court approved

the DHS's plan for reunification of Child with Husband, and Wife was granted supervised visitation.

Based on concerns raised by the DHS, including concerns arising from Wife's conduct during supervised visitations, the Family Court issued an order in FC-S 10-00070 on October 26, 2010, that suspended Wife's visitation with Child "until DHS and GAL have a written report by an approved mental health professional that [Wife] has shown stability and made some progress in resolving her mental health issues."

B.

On June 3, 2010, Husband filed a Complaint for Divorce in this case (FC-D 10-1-6354). While the divorce case was being litigated, there were ongoing proceedings in the FC-S case and other cases involving Husband and Wife. The following events occurred in the divorce case:

The Family Court entered an order granting Husband temporary legal and physical custody of Child. Wife was granted supervised visitation consistent with DHS's recommendations in FC-S 10-00070. Husband filed a Motion to Set and a hearing on the motion was held on September 29, 2010. At this hearing, the Family Court set trial for the week of February 7, 2011, and a calendar call for January 27, 2011. The Family Court informed Wife that she was required to attend the January 27, 2011, calendar call because she was appearing pro se and that she would need to bring three sets of any exhibits she intended to introduce at trial. Wife failed to appear at the calendar call and failed to submit any exhibits. The Family Court defaulted Wife for purposes of the calendar call and prohibited her from introducing exhibits and calling witnesses, other than herself, at trial.

The Family Court held a half-day divorce trial on February 7, 2011. Wife was represented by recently retained counsel. The Family Court took judicial notice of all related cases, including FC-S 10-00070, the parties' protection order cases, and the criminal cases against Wife for protection order

4

violations. After trial, the Family Court issued its Decision and Order and the Divorce Decree. The Divorce Decree, among other things, granted Husband sole legal and physical custody of Child; suspended Wife's visitation, subject to conditions imposed in FC-S 10-00070, and made Wife's further visitation subject to the Family Court's decisions in the FC-S case; ordered Wife to pay child support; ordered Wife to pay two-thirds of Husband's total attorney's fees and costs of $86,000.00 or $57,333.33; and did not award any spousal support to either party. Wife timely appealed from the Divorce Decree on May 10, 2011.

II.

We resolve the arguments raised by Wife on appeal as follows:

A.

Wife contends that the Family Court abused its discretion in awarding Husband sole physical and legal custody over Child in the Divorce Decree. In particular, Wife challenges the Family Court's Conclusion of Law (COL) 3 of the Decision and Order, which states: "3. Pursuant to [Hawaii Revised Statutes (HRS)] § 580-47, the credible testimony of the witnesses at trial, and the other court proceedings judicially noticed, it is in the best interests of [Child] to award [Husband] . . . sole legal custody and sole physical custody of Child."

In making decisions regarding child custody and visitation, the paramount consideration of the Family Court must be the best interest of the child. Doe v. Doe, 98 Hawai'i 144, 155-56, 44 P.3d 1085, 1096-97 (2002); see also In re Doe, 52 Haw. 448, 453, 478 P.2d 844, 847 (1970). "[The] family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Doe, 98 Hawai'i at 154, 44 P.3d at 1095 (citations omitted).

Wife does not challenge the Family Court's Findings of Fact (FsOF) relating to her inability to properly care for Child and her lack of credibility. "Findings of fact . . . that are

5

not challenged on appeal are binding on the appellate court." Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002); Poe v. Hawaii Labor Relations Bd., 97 Hawai'i 528, 536, 40 P.3d 930, 938 (2002). Based on the Family Court's unchallenged FsOF, the deference an appellate court gives to the trial court's assessment of the credibility of witnesses and the weight of the evidence, see Inoue v. Inoue, 118 Hawai'i 86, 101, 185 P.3d 834, 849 (App. 2008), and a review of the record, we conclude that the Family Court did not abuse its discretion in awarding Husband sole physical and legal custody over Child. There was substantial evidence to support the Family Court's decision.

B.

With respect to visitation, the Divorce Decree provided:

> 5. **VISITATION.** Pursuant to the Orders Concerning Child Protective Act in FC-S 10-00070, filed October 26, 2010, [Wife's] supervised visitation with [Child] is suspended until such time that the Department of Human Services ("DHS") and the assigned Guardian Ad Litem ("GAL") receive a written report from an approved mental health professional confirming that [Wife] has shown stability and made legitimate progress in resolving her mental health issues. Further visitation for [Wife] with [Child] shall be determined by the Family Court in FC-S 10-00070 based on the best interests of [Child]. [Wife] shall pay any and all necessary expenses in connection with any future visitation for her with [Child]. [Wife] shall have a continuing duty to ensure that the visitation orders of this case accurately reflect the visitation orders in the FC-S case.

Wife argues that the Family Court abused its discretion in "prohibiting [her] from visiting [C]hild absent certain conditions." In particular, Wife challenges the Family Court's COL 4, which states:

> 4. It is also in the best interests of [Child] that [Wife's] visitation with [Child] be determined by the Court in FC-S 10-00070 and that, pending further order of the Court in that case, [Wife's] supervised visitation with [Child] remain suspended pursuant to Judge Kuriyama's standing order in that case. [Wife] has a continuing duty to ensure that the visitation orders of this case accurately reflect the visitation orders in the FC-S case.

Given the substantial evidence in the record of Wife's mental health issues, we conclude that the Family Court did not

abuse its discretion in conditioning Wife's visitation on verification from an approved mental health professional that Wife's mental health has stabilized and that she has made progress in resolving her mental health issues.  The Family Court's decision was based on its assessment of the credibility of witnesses and the weight of the evidence, to which we owe significant deference, and was supported by unchallenged FsOF.

After the Divorce Decree was entered, the Family Court apparently closed FC-S 10-00070.  Because the Divorce Decree conditioned Wife's visitation on orders and determinations by the Family Court in FC-S 10-00070, the closure of the FC-S case would have created a quandary with respect to Wife's ability to obtain visitation.  However, the record reflects that shortly after the notice of appeal was filed, the Family Court approved and filed a stipulation by the parties which amended the visitation provision of the Divorce Decree to replace it with the following language:

> [Wife's] supervised visits with [Child] are suspended pending the Court's receipt of a written report from an approved mental health professional stating that [Wife] has shown stability and made some progress in resolving her mental health issues, and further order of the Court[.]

This stipulated amendment cured any problem caused by the Divorce Decree's conditioning or linking Wife's visitation to decisions in the FC-S case.

The record contains a minute order which reflects that on May 16, 2011, the Family Court orally expressed its concern about the possible closure of the FC-S case and orally issued a supplementary order stating that:

> In the event that FC-S 10-00070 is closed, [Wife] shall be [sic] supervised visitation with [Child] through PACT [(Parents and Children Together)].  Both parents shall share the cost of that expense.  [Husband] shall register with PACT within 2 weeks of the termination of the FC-S case.  All other orders shall remain in full force and effect.

The record reflects, however, than when Husband objected to the minute order and requested a hearing on his objection, the Family Court responded that Wife's notice of appeal divested the Family Court of jurisdiction over the action and that "no further action

can be taken on this case until the appeal has been completed."[3/] Wife also submitted for filing a proposed written supplemental order to reflect the minute order issued by the Family Court. The record does not indicate whether the proposed written supplemental order was filed.

We note that the Family Court retains jurisdiction to resolve disputes over child custody after a notice of appeal is filed. HRS § 571-46 (Supp. 2008) provides in relevant part:

> In actions for divorce . . . where there is at issue a dispute as to the custody of a minor child, the court, during the pendency of the action, at the final hearing, or <u>any time during the minority of the child</u>, may make an order for the custody of the minor child as may seem necessary or proper. . . .
>
> . . . .
>
> (6) <u>Any custody award shall be subject to modification or change whenever the best interests of the child require or justify the modification or change</u> and, wherever practicable, the same person who made the original order shall hear the motion or petition for modification of the prior award[.]

(Emphases added.) Thus, the Family Court retained jurisdiction to address and resolve custody issues regarding Child arising after the filing of the notice of appeal in this case.

### C.

Wife argues that the Family Court abused its discretion in prohibiting her from submitting exhibits or calling witnesses other than herself at trial, as a sanction for her failure to appear at the calendar call. Wife does not dispute that she failed to appear at the calendar call and failed to submit exhibits in violation of the Family Court's specific requirements. Wife does not provide the names of the witnesses she would have called or the details of, or the basis for, their testimony. Wife also does not provide the nature and substance of any exhibits she would have sought to introduce at trial. Under these circumstances, Wife has not met her burden of showing

---

[3/] The Honorable R. Mark Browning responded to Husband's request for a hearing.

that the Family Court abused its discretion and that she is entitled to any relief on her claim of error.

D.

Wife argues that the Family Court abused its discretion in admitting certain exhibits at trial that were not properly authenticated. The challenged exhibits consisted of alleged Facebook postings by Wife, Wife's text messages to Husband, and Husband's cell phone statements. Husband represented, without contradiction by Wife, that the Facebook postings had been admitted in the FC-S case and the text messages and cell phone statements had been admitted in the contested hearing in Husband's Petition against Wife for an order for protection. When questioned by the Family Court, Wife's counsel responded that Wife had posted things on Facebook but was unsure about the postings reflected in Husband's exhibits.

The challenged exhibits were offered on the issues of whether Wife had violated the Family Court's confidentiality order and requirements by posting information online concerning the FC-S case and related proceedings through Facebook, whether Wife had violated the Orders for Protection, and Wife's mental fitness. We conclude that any error in the Family Court's admission of the challenged exhibits was harmless and did not affect Wife's substantial rights. See Hawai'i Family Court Rules Rule 61 (2000); see also In re Doe, 79 Hawai'i 265, 278, 900 P.2d 1332, 1345 (App. 1995). The challenged exhibits were either cumulative of other evidence properly before the Family Court or, to the extent not cumulative, had no material or substantial effect on the Family Court's decision.

E.

Wife contends that the Family Court abused its discretion in awarding Husband $57,333.33 in attorney's fees and costs. As explained below, we vacate the Family Court's award of attorney's fees and costs, and we remand the case for further proceedings.

1.

Prior to the divorce trial, Husband filed a "Trial Memorandum" in which he asserted that Wife had filed numerous frivolous pleadings in "her TRO case, in the FC-S case, and in this divorce case." Husband requested that Wife be required to pay for "[Husband's] attorney's fees and costs incurred in this case and any related cases." (Emphasis added.) Husband made this request pursuant to HRS § 580-47(a) (2006), which provides in relevant part that "[u]pon granting a divorce, . . . the court may make any further orders as shall appear just and equitable . . . (4) allocating, as between the parties, the responsibility for the payment of . . . the attorney's fees, costs, and expenses incurred by each party by reason of the divorce."

At trial, Husband testified that he owed "86,000 plus" in attorney's fees to his current counsel. In his written closing argument, Husband (1) referred to actions taken by Wife in the divorce case, the FC-S case, the parties' protection order cases, and other disputes; (2) argued that, as he testified at trial, "he has incurred approximately $86,000.00 in attorney's fees and costs attempting to respond to and defend against [Wife's] frivolous motions and subpoenas"; and (3) repeated his request that Wife be required to pay for the attorney's fees and costs Husband incurred in "this divorce case and the related cases[.]"

In its Decision and Order, the Family Court found in FOF 25:

> 25. During the course of the proceedings in this case and the related cases, [Wife] filed unsupported and irrelevant subpoenas and motions that resulted in significant additional costly and unnecessary litigation in this case. [Wife's] actions and litigation in this case needlessly increased the time and expenses of these proceedings to the detriment of both parties and [Child]. Her litigious behavior prevented [Husband] from being reasonably able to proceed pro se and, in fact, generated attorneys' fees and costs necessary to effectively respond to [Wife's] actions. [Wife's] various defenses and arguments presented at trial were specious and unsupported by the evidence and record of this case.

10

The Family Court concluded and ordered that Wife shall pay two-thirds of the $86,000 in attorney's fees and costs incurred by Husband. This order was incorporated into the Divorce Decree, which provided that "[Wife] shall pay two-thirds (2/3), or ($57,333.33) of the total attorney's fees and costs incurred in this matter by [Husband] as of the date of trial (total attorney's fees and costs of $86,000.00)."

2.

In support of his request for attorney's fees and costs, Husband did not submit an affidavit or declaration from his attorneys, billing statements, or any other documentation that showed the nature of the work performed or the time spent in generating the $86,000 in attorney's fees that Husband testified he incurred. It appears that Husband's request for attorney's fees and costs was only based on his testimony that he owed "86,000 plus" in attorney's fees and his asset and debt statement, which listed a total for attorney's fees owed. We conclude that the record does not contain sufficient information or documentation in support of Husband's request for attorney's fees and costs to enable this court to evaluate whether the Family Court's award of attorney's fees and costs was reasonable. In this regard, we note, for example, that Husband's request for attorney's fees and costs not only sought fees and costs incurred in his divorce case, but amounts incurred in related cases. In its award of attorney's fees and costs, the Family Court did not specify, *inter alia*, whether it believed the award of attorney's fees and costs incurred by Husband in cases besides his divorce case was proper, and we cannot tell whether the Family Court's award of attorney's fees and costs included amounts incurred in cases besides Husband's divorce case.

Given these circumstances, we vacate the Family Court's award of $57,333.33 in attorney's fees and costs to Husband, and we remand the case for a redetermination and clarification of the Family Court's ruling on attorney's fees and costs. See Price v. AIG Hawaiʻi Ins. Co., 107 Hawaiʻi 106, 113, 111 P.3d 1, 8 (2005)

11

(vacating the trial court's award of attorney's fees, because the record was insufficient to permit effective appellate review of whether the trial court had abused its discretion, and remanding for redetermination of the award); First Hawaiian Bank v. Timothy, 96 Hawai'i 348, 364-65, 31 P.3d 205, 221-22 (App. 2001) (vacating the trial court's award of attorney's fees, where information supporting the attorney's fees request was inadequate to permit effective appellate review, and remanding for submission of support for the attorney's fees request and for redetermination of the attorney's fees award). On remand, the parties shall be entitled to submit additional evidence in support of and in opposition to Husband's request for attorney's fees and costs. In rendering its decision on Husband's request for attorney's fees and costs, the Family Court shall specify and explain the basis for any award and how it was calculated, including whether the Family Court is awarding any attorney's fees and costs incurred in cases besides Husband's divorce case and the justification for any such award. See HRS § 580-47(a) ("[T]he court shall take into consideration: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case.")

F.

Wife contends that the Family Court abused its discretion in failing to award her any spousal support. We disagree. The parties' marriage lasted only six months before they were separated. At the time of the divorce, Wife was twenty-six years old and Husband was thirty-one years old; both parties had years of future earning potential and were capable of earning a living; and Husband had sole custody of Child. Based on the record and considering the factors set forth in HRS § 580-47(a), we cannot say that the Family Court abused its discretion in awarding no spousal support to either party.

12

III.

For the foregoing reasons, we vacate the portion of the Divorce Decree that awarded attorney's fees and costs to Husband, and we remand the case for redetermination and clarification of the Family Court's ruling on attorney's fees and costs and for further proceedings consistent with this Summary Disposition Order. In all other respects, we affirm the Divorce Decree, as amended.

DATED: Honolulu, Hawai'i, August 16, 2012.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

13